# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-41034
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAFAEL GONZALEZ-DE LEON

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-348-2

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rafael Gonzalez-De Leon appeals his sentence following his guilty-plea conviction for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). De Leon argues that the district court erred in sentencing him because it used the gross weight of the marijuana, including its packaging, to determine the applicable base offense level. De Leon contends that if the district court had applied the typical reduction for packaging, his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

advisory sentencing range might have been less than the sentence actually imposed.

A district court's determination of the amount of drugs attributable to a defendant for sentencing purposes is a finding of fact that this court generally reviews for clear error. *United States v. Posada-Rios*, 158 F.3d 832, 878 (5th Cir. 1998). However, Rodriguez-De Leon did not dispute in the district court the drug quantity used to calculate his base offense level. Thus, plain error review applies. *United States v. Sparks*, 2 F.3d 574, 589 (5th Cir. 1993).

Rodriguez-De Leon has not shown that the district court committed any error, plain or otherwise, in determining the drug quantity for sentencing purposes. Rodriguez-De Leon did not present any evidence to refute the PSR's finding that he was responsible for more than 60 kilograms of marijuana. There was no evidence in the record concerning the net weight of the marijuana, and Rodriguez-De Leon did not present any competent evidence to refute the PSR's quantity attribution (e.g., the actual or estimated weight of the packaging). Rodriguez-De Leon specifically failed to show that the difference between the gross weight and the net weight of the drugs exceeded 5.45 kilograms (i.e., the amount necessary to affect his offense level). Given the absence of contrary evidence concerning the proper drug quantity, the district court was entitled to make its drug quantity calculation without further inquiry. *See United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir. 1994). Accordingly, Rodriguez-De Leon has failed to establish that the district court committed error of any type. *See id.; Sparks*, 2 F.3d at 589.

AFFIRMED.